GARY MILLER ET AL. *v.* GERALD LAMOUREAUX

SUPERIOR COURT        MIDDLESEX COUNTY        FILE No. 16686

Memorandum filed April 9, 1965

*Marshall S. Feingold,* of Hartford, for the plaintiffs.

*Robinson, Robinson & Cole,* of Hartford, for the defendant.

PALMER, J. This is an action, in the first count, to recover damages for personal injuries sustained by the plaintiff Gary Miller, alleged to have been caused by a dog owned and kept by the defendant, and in the second count the plaintiff Frederick Miller, hereinafter called the plaintiff, seeks to recover damages alleged to have been incurred in behalf of his son, plaintiff Gary Miller, "for medical and surgical care and attention, hospitalization, medications, etc., all caused by the vicious attack made upon his son by the dog owned by" the defendant.

In his special defense to the second count, the defendant has alleged that any expenses incurred by the plaintiff were caused in whole or in part by his own negligence in certain specified respects. The plaintiffs have demurred on the grounds that the action and the plaintiffs' interest therein for

medical bills arise out of § 22-357 of the General Statutes[1] and that contributory negligence is not a defense under the statute. The plaintiffs have also demurred on the impermissible grounds that the special defense is "irrelevant, frivolous, and would tend to confuse the minds of a jury and has no place in the pleadings." The last named grounds of demurrer merit no consideration.

When a minor child is injured by the negligent act of another, two causes of action arise, one in favor of the child to recover for the injuries and the other in favor of the parent for consequential damages such as expenses incurred by reason of those injuries. The right of the parent to recover is independent of the right of the child. *Krause* v. *Almor Homes, Inc.,* 147 Conn. 333, 335; *Shiels* v. *Audette,* 119 Conn. 75, 77. There is no reason in principle why this rule of law should not also apply when a minor child has a cause of action for personal injuries based not upon negligence but rather on a statute, as in the case at bar. The child's cause of action is based on the statute, and if the child establishes his claim under the statute the parent has an independent cause of action for expenses incurred by him in consequence of the child's statutory cause of action.

The parent's cause of action here is predicated upon his child's right of action under the statute and upon the fact that he has incurred expense by reason thereof. The defense of contributory negli-

---

[1] "Sec. 22-357. DAMAGE TO PERSON OR PROPERTY. If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog."

gence is addressed not to the child's right of action, which is not affected by the parent's conduct, but to the parent's right to recover his expense, assuming that the minor child has a valid right of action.

The Supreme Court has held that conduct by the person injured which is not within the limitations of § 22-357, although it might be held to be contributorily negligent in the broad sense of that term, is not a defense to an action under this statute. *McCarthy* v. *Daunis,* 117 Conn. 307, 310. The Superior Court has held that the defense of assumption of risk by the person injured has no place in an action under the statute. *Duell* v. *Coyle,* 22 Conn. Sup. 332, 333. No case, however, has been cited in respect to the precise issue in the instant case, namely, whether a parent's independent right of action to recover consequential damages resulting from his child's statutory cause of action may be barred by conduct of his own which in whole or in part caused such damages. It is a familiar and accepted principle of our law that if a man's own conduct results in financial loss, he may not recover losses he brought upon himself. Nothing in § 22-357 requires that a third party who has a cause of action contingent on his child's right of action by virtue of that statute may not be barred from recovery on his own cause of action because of his own wrongful conduct.

The plaintiffs' demurrer to the defendant's special defense is overruled.