[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 4697 ON MOTION TO STRIKE SPECIAL DEFENSES (#109)
ISSUE
Whether the defendants' special defenses are sufficient to survive the plaintiffs' motion to strike.
FACTS
On September 5, 1991, the plaintiffs, Kevin Archer and Kathleen Archer, filed a one count complaint alleging that plaintiff Kevin Archer, a minor, was injured by a dog owned by the defendants, James Moore and Moore Brothers, Inc. The plaintiffs brought the action under General Statutes 22-357, commonly referred to as the dog bite statute. The complaint seeks recovery for the injuries of plaintiff Kevin Archer, and for medical expenses incurred on his behalf by his parent, plaintiff Kathleen Archer.
The defendants filed an answer and special defenses on November 6, 1991. The first special defenses alleges that at the time of the alleged incident, Kevin Archer was contributorily negligent in that he was trespassing and teasing, tormenting, and/or abusing the dog. The second special defense alleges that Kathleen Archer was contributorily negligent because she failed to use reasonable care in supervising her child, and because she failed to take necessary and proper precaution to prevent her child's injuries.
The plaintiffs filed this motion to strike the defendants' special defenses and a supporting memorandum of law on December 6, 1991. The defendants filed their memorandum of law in opposition to the motion to strike on February 3, 1992.
DISCUSSION
The function of a motion to strike "`is to test the legal sufficiency of a pleading . . . [I]f facts provable under the allegations would support a defense or a cause of action, the demurrer (motion to strike) must fail.'" (citations omitted.) Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). On a motion to strike special defenses, the defendants' special defenses . . . and must construe them- in the manner most favorable to the pleader." Mobilia, Inc. v. Santos, 4 Conn. App. 128, 130, 492 A.2d 544 (1985). CT Page 4698
Practice Book 154 requires that "[e]ach motion to strike . . . shall separately set forth each . . . claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." A motion to strike that does not specify the grounds of insufficiency is "fatally defective." Bouchard v. People's Bank, 219 Conn. 465,468 n. 4, 594 A.2d 9 (1991). The requirement of Practice Book 155 that a motion to strike be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies does not dispense with the requirement of 156 that the reasons for the claimed pleading deficiency be specified in the motion itself. Blancato v. Feldspar, 203 Conn. 34, 36-37 n. 3, 522 A.2d 1235 (1987). Because the specificity requirement of 154 is nonjurisdictional in nature, however, the court may consider a motion to strike that is defective in form when no objection to its form has been raised. Bouchard v. People's Bank, supra.
Although the plaintiffs' motion to strike is fatally defective because it merely states that plaintiffs "move to strike the Special Defenses raised by the Defendants for the reasons set forth in the accompanying memorandum of law," the defendants have failed to object to the form of the motion. This court will therefore consider the plaintiffs' motion to strike. See Bouchard v. Peoples' Bank, supra.
"General Statutes 22-357 imposes strict liability on the owner or keeper of any dog that does damage to the body or property of any person." Falby v. Zarembski, 221 Conn. 14,19, ___ A.2d ___ (1992). An owner or keeper is not liable "when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." General Statutes 22-357. If an action is brought under the statute by a minor who was "under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action." Id.
The plaintiffs argue in their memorandum of law that the statutory presumption given to children under age seven makes the defenses of trespassing and teasing, tormenting or abusing unavailable to the defendants, and as such the defendants' first special defense should be stricken. The plaintiffs have not cited any authority for this proposition.
The aforementioned defenses are available to the CT Page 4699 defendants. Although General Statutes 22-357 creates a presumption in favor of minors, such as Kevin Archer, the presumption is rebuttable. If the legislature had intended for the presumption to be irrebuttable, it would not have included in the statute the language that shifts the burden of proof to the defendant. Therefore, the defenses of trespassing and teasing, tormenting or abusing the dog are available to the defendant, and the defendant has the burden of proving them. Accordingly, the plaintiffs' motion to strike the defendants' first special defense is denied. "when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog." General Statutes 22-357. If an action is brought under the statute by a minor who was "under seven years of age at the time the damage was done, it shall be presumed that such minor was not committing a trespass or other tort, or teasing, tormenting or abusing such dog, and the burden of proof thereof shall be upon the defendant in such action." Id.
The plaintiffs argue in their memorandum of law that the statutory presumption given to children under age seven makes the defenses of trespassing and teasing, tormenting or abusing unavailable to the defendants, and as such the defendants' first special defense should be stricken. The plaintiffs have not cited any authority for this proposition.
The aforementioned defenses are available to the defendants. Although General Statutes 22-357 creates a presumption in favor of minors, such as Kevin Archer, the presumption is rebuttable. If the legislature had intended for the presumption to be irrebuttable, it would not have included in the statute the language that shifts the burden of proof to the defendant. Therefore, the defenses of trespassing and teasing, tormenting or abusing the dog are available to the defendant, and the defendant has the burden of proving them. Accordingly, the plaintiffs' motion to strike the defendants' first special defense is denied.
The plaintiffs argue that the defendants' second special defense should be stricken, because the defense of contributory negligence is unavailable against plaintiff Kathleen Archer since her cause of action is based on the statutorily created remedy of General Statutes 22-357. "Our courts have consistently held that conduct by a person injured which is not within the limitations of 22-357, although it might be held to be (contributorily) negligent in the broad sense of the term, is not a defense to an action under this statute." Gress v. Munson Builders, Inc., 1 CSCR 500 (July 7, 1986, CT Page 4700 Mihalokos, J.). However, this rule does not apply to an action brought by a parent to recover expenses incurred as a result of the child's injuries.
 When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages . . . The right of the parent to recover is independent of the right of the child . . .
Shiels v. Audette, 119 Conn. 75, 77, 174 A. 323 (1923). In construing General Statutes 22-357 in conjunction with the rule of Shiels v. Audette, one court stated that
 [t]here is no reason in principle why this rule of law should not also apply when a minor child has a cause of action for personal injuries based not upon negligence but rather on a statute . . . The child's cause of action is based on the statute, and if the child establishes his claim under the statute the parent has an independent cause of action for expenses incurred by him in consequence of the child's statutory cause of action.
Miller v. Lamoureaux, 26 Conn. Sup. 274, 275, 220 A.2d 776
(Super.Ct. 1965). The court concluded that "[n]othing in Sec. 22-357 requires that a third party who has a cause of action contingent on his child's right of action by virtue of that statute may not be barred from recovery on his own cause of action because of his own wrongful conduct." Miller v. Lamoureaux, supra, 176. Accordingly, the defendants may raise the special defense of contributory negligence against Kathleen Archer, and the plaintiffs' motion to strike that special defense is denied.
CONCLUSION
The plaintiffs' motion to strike is denied as to the defendants' first special defense, because the statutory presumption under General Statutes Sec. 22-357 that children under the age of seven have not trespassed or tormented dogs that have injured them is a rebuttable CT Page 4701 presumption, which shifts the burden of proof to the defendants. The motion to strike is denied as to the second special defense, since plaintiff Kathleen Archer's cause of action for medical expenses is independent of her child's statutory cause of action, thus permitting the defense of contributory negligence to be asserted against her.
AUSTIN, J.