[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #116
Presently before the court is a motion to strike defendants' first, third and fourth special defenses filed by the plaintiffs, Michael Benway and Linda Smith, parent and next friend to Michael Benway (collectively "plaintiffs") . . . The plaintiffs filed a two count complaint on September 4, 1991 pursuant to General Statutes 52-556. Therein, the plaintiffs allege that Michael Benway ("Benway") was injured due to the negligence of the named defendants, two Department of Environmental Protection ("DEP") officers, in the operation of a motor vehicle owned and insured by the state of Connecticut ("state"). The second count claims compensatory damages for expenditures made by the plaintiff, Linda Smith ("Smith"), for treatment of her son's injuries.
This action arises out of an accident which occurred on September 21, 1991. On that day, Benway was operating an all terrain vehicle. The plaintiffs allege that the two defendants, DEP officers Ruggerio and Overturf ("collectively "defendants"), swerved the state vehicle in front of Benway which caused him to lose control of the vehicle, crash and sustain personal injuries.
On November 14, 1991 the defendants filed an answer and special defenses to the plaintiff's claims. On March 30, 1992 the defendants filed revised special defenses to which the plaintiff's May 15, 1992 motion to strike is addressed. CT Page 11311
As required by Practice Book 155, the plaintiffs have filed a memorandum of law in support of their motion to strike. The defendants did not file a memorandum in opposition.[1]
Nonetheless, the court may consider the motion before it, as the defendants have failed to object to the plaintiff's not filing a memorandum in opposition. See Pepe v. New Britain,203 Conn. 281, 287-88, 524 A.2d 629 (1987).
A motion to strike tests the legal sufficiency of a pleading. Practice Book 152; Mingachos v. CBS, 196 Conn. 91,108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court must take as admitted all well pleaded facts, and construe them in the manner most favorable to the party opposing the motion. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). If the facts provable under the allegations set forth in the challenged pleading would support a defense or cause of action, the motion to strike must fail. Mingachos, supra, 108-09. A motion to strike is the proper manner in which to raise the issue of legal sufficiency of a special defense to a cause of action. Passini v. Decker,39 Conn. Sup. 20, 21, 467 A.2d 442 (1983).
I. First Special Defense
The defendants' first special defense alleges that "[a]t all times mentioned in the plaintiffs' complaint, the defendants were performing a governmental function and, therefore, are immune from liability." Although this special defense uses the term "governmental function," which generally involves municipal rather than sovereign immunity, the parties have treated it as a claim of sovereign immunity, and it will be treated as such in this decision.
According to the plaintiffs, the special defense of governmental immunity is legally insufficient because their action has been brought pursuant to General Statutes 52-556, which provides for a direct cause of action against the state for an individual who is injured as a result of "the negligence of any state official or employee when operating a motor vehicle owned and insured by the state . . ." The plaintiffs are incorrect, as the present action is against the two state employees, and not the state, and 52-556 does not waive the immunity of state employees. See McKinley v. Musshorn,185 Conn. 616, 621, n. 6, 441 A.2d 600 (1981). CT Page 11312
Accordingly, the motion to strike the first special defense is denied.
II. Third Special Defense
The defendants' third special defense, which is directed to the entire complaint, asserts that: "[a]ny injuries or damages suffered by the plaintiffs in this case were proximately caused by the negligence of the plaintiff Linda Smith . . . ." The plaintiffs move to strike this defense on the ground that parental immunity has been abrogated with regard to negligent parental supervision of a child.
At common law, "when a minor child is injured by the negligent at of a third party, two causes of action arise, one in favor of the child to recover for the injuries and the other in favor of the parent for consequential damages such as expenses incurred by reason of those injuries. Bothelo v. Curtis, 28 Conn. Sup. 493, 496, 267 A.2d 675 (1970). The right of the parent to recover is independent of the right of the child. Id., Miller v. Lamoureaux, 26 Conn. Sup. 274, 275,220 A.2d 776 (1965). "It has long been an established principle of the law of this state that a child injured by the negligence of another person is not barred of his remedy by the mere fact that the negligence of his parents contributed to produce the injury." Bothelo, supra, 497, citing Daley v. Norwich W.R. Co., 26 Conn. 591, 597 (1858).
As the negligence of a parent is not imputable to an injured minor, the special defense of contributory negligence of the parent is not a legal barrier to the maintenance of the minor child's action. Bothelo, supra, 498. Therefore, the motion to strike the third special defense is granted as to count one of the complaint.
However, a parent's independent right of action to recover consequential damages may be barred if the parents of the minor child were contributorily negligent. Petro v. Radcliffe,7 Conn. Sup. 479, 481 (1939); Miller, supra, 275. Consequently, the motion to strike the third special defense is denied as to count two of the complaint.
III. Fourth Special Defense
The defendants allege in their fourth special defense that CT Page 11313 the plaintiffs' claims are barred by the provisions of General Statutes 4-165, which provides, in pertinent part, that:
 [n]o state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, or caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for damage or injury shall present it as a claim against the state under the provisions of this chapter.
The plaintiffs argue in their memorandum of law that this special defense contradicts General Statutes 52-556, which they cite as the authority for the present action.
As stated above, 52-556 only waives the immunity of the state, not its employees. See McKinley v. Musshorn, supra, 621, n. 6; see also Perchaluk v. Gaffney, 2 Conn. L. Rptr. 603, 604 (October 12, 1990, Fuller, J.) ("Section 52-556 allows a cause of action against the state, but not the state employee, for injuries caused by the employee while operating a motor vehicle."). That being the case, 4-165 has no application to the present case, which has been brought pursuant to 52-556. Since the individual defendants are immune from suit pursuant to52-556, the issue of their liability, or the lack thereof, pursuant to 4-165, does not arise.
The court, therefore, grants the plaintiffs' motion to strike the defendants' fourth special defense.
MAIOCCO, J.