[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed June 13, 1997
The adult plaintiffs Douglas and Wendy Feer bring this action in two counts against the here moving party Evandro Santini, D/B/A Santini Homes. The first count, PPA, is brought for personal injuries sustained by their minor son Stephan Feer. The second count is for medical bills and expenses for care and treatment of the minor child.
The defendant on April 10, 1995 files a counterclaim captioned "Counterclaim Against Douglas and Wendy Feer, further labeled: First Count: (Apportionment against Wendy and Douglas Feer)." CT Page 6984
The defendant, in his answer of March 8, 1994, had also filed By Way of Special Defense to the Complaint. Both the Counterclaim and Special Defense allege that negligence of the
plaintiff parents was, for special defense purposes, the direct and proximate result of the parents' negligence; and for counterclaim purposes, was caused in whole or in part by the negligence of the adult defendants.
The plaintiffs move to strike the special defense and the counterclaim.
This court has dealt with a near identical set of issues in a previous case. See Aguilar v. Midstate Developers, No. CV-96-0131917, Superior Court Waterbury, 17 CONN. L. RPTR. 634 (October 10, 1996).
 I.
Counterclaim seeking apportionment as to the first count of the complaint. This claim, seeking apportionment, is asserted under General Statute § 52-102. It seeks to join the parents as parties defendant in the child's claim against the defendant, for apportionment purposes. However, General Statute §52-102 provides ". . . provided no person who is immune from liability shall be made a defendant in the controversy." However "a parent is not liable civilly to his child for personal injury inflicted during the child's minority." Dubay v. Irish,207 Conn. 518, 523 (1988). Even if, procedurally the parents could be joined, yet they cannot be parties against whom recovery is sought (General Statute § 52-572h(b)) or (parties against whom recovery is allowed § 52-572 (c)), and hence any claimed liability could not be apportioned.
As to the special defense, for this same substantive reason, any negligence of the parents cannot be used to diminish the damages recoverable against the defendant. The mere presence of the adult plaintiffs in the case in their representative capacity as guardian and next friend of the minor plaintiff does not remove the defense of parental immunity as provided by the common law. Apportionment is a creature of statute by virtue of General Statute § 52-572h. The defendant is in no different position than he would be at common law, where the liability of a tortfeasor is joint and several, regardless of whether other outside persons may also have factually contributed to the injuries. There is no contribution amongst joint tortfeasors at common law. CT Page 6985
Further, as to the Special Defense, the claim that the parents actions were the cause of the injuries, is merely another way of denying the plaintiff's claim of proximate cause against the defendant, and hence is unnecessary, superfluous, and does not comport with the provisions of Practice Book Section 164. The defendant is at liberty to produce any evidence which he may choose to defend against the plaintiff's claim of proximate cause. A simple denial is sufficient.
The motion to strike the special defense and the motion to strike the counterclaim, as they are directed to the first count, the minor's claim, is granted.
 II.
The second count of the complaint is the parents' claim concerning the medical expenses of the minor child. Because their claim is asserted directly by the parents, further analysis is necessary.
General Statute § 52-204 allows the minor child to himself seek to recover the amount of the medical bills. ". . . the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall bar any claim by such husband or parent . . ."
Custom and practice has developed over the years that the parent brings the action for medical bills (economic damages) in circumstances such as this. Yet such custom and practice shall not determine such important issues as are presented by this motion.
In the final analysis, in realty, it is the minor to whom the medical services are rendered. The fact that the parent is the emotional beneficiary of the medical services does not alter that fact, nor does the pragmatic reality that parents are often more economically able to work, and to have sources of revenue and hence are frequently less often judgment proof, alter the reality that the medical services are rendered to the child.
". . . the law does not forbid an infant to contract, but gives him for his protection the privilege of avoiding contracts which are injurious to him and rescinding all others, whether fair or not, whether executed or executory . . . excepting from CT Page 6986 the operation of the privilege only contracts for necessaries."
Shutter v. Fridge, 108 Conn. 528, 530, 531 (1928). (Emphasis added).
". . . the exclusive right of the minor plaintiff in this action to recover them must be recognized." Botelho v. Curtis,28 Conn. Sup. 493, 497 (1970). ". . . a child injured by the negligence of another person is not barred of his remedy by the mere fact that the negligence of his parent contributed to produce the injury." Botelho, supra, p. 497. (internal citations omitted).
Botelho v. Curtis, 28 Conn. Sup. 493, 496 (1970).
Had the minor plaintiff brought the action herein for the consequential damages, the medical bills, or if the complaint were amended to assert the claim by the child, PPA, the special defense and the counterclaim would clearly not be appropriate, per Sec. I. It is patently illogical and unfair to the child, in realty the real obligor, to conclude that if the parent brought the action for the medical bills, comparative negligence would apply; whereas if the child himself, PPA, brought the action for consequential damages, or if a non-present-at-the-scene parent brought the action, comparative negligence would not, it is certain, apply. The court will not engage in such a choice of form over substance.
The court determines that the fact that the parents rather than the child brought the claim for the medical bills is of no import Claims of comparative negligence of the parents are not applicable to claims for medical bills, (economic damages), for the care of the child. As there is not tort responsibility at law there can be no responsibility for apportionment by way of counterclaim.
The motion to strike the special defense, and the counterclaim, as pertains to the second count is granted.
L. Paul Sullivan, J.