[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE #107
In a complaint dated February 21, 1997, the minor plaintiff, Lashonda Dennis, ppa Justine Vann, and the plaintiff, Justine Vann, as an individual, brought a four-count complaint against the defendant, Youssef Makhraz. In the complaint, the plaintiffs allege that the minor plaintiff was injured when the porch of the apartment in which the plaintiffs resided collapsed. The plaintiffs now seek recovery for injuries allegedly sustained and expenses incurred as a result.
On February 18, 1998, the defendant filed an answer and five special defenses. The plaintiffs, on March 10, 1998, moved to strike the first three special defenses of the defendant. The defendant filed a memorandum of law in opposition to the motion to strike the special defenses. Short calendar argument was heard on March 30, 1998.
"A motion to strike may be used to attack the legal sufficiency of a special defense." City of Ansonia v. A.W. BeardConstruction Corp., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 051238 (December 26, 1996) (Curran, J.) (18 CONN. L. RPTR. 364). The facts alleged in the special defense are to be construed in a manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "When a single CT Page 6631 special defense is subjected to a motion to strike, only the facts alleged by that special defense are accepted as true."Alpha Crane Service, Inc. v. Capitol Crane Co., 6 Conn. App. 60,77, 504 A.2d 1376, cert. denied, 199 Conn. 808, 508 A.2d 769
(1986).
 First Special Defense
In its first special defense, the defendant alleges that "[c]ounts [t]hree and [f]our of the plaintiffs' complaint fail to set forth claims upon which relief can be granted." The plaintiffs move to strike this special defense on the ground that the special defense is not legally sufficient to state a defense. The plaintiffs argue that the first special defense should be stricken as the defendant fails to set forth facts which show that the plaintiffs are without a cause of action. The defendant argues that ample caselaw exists to support a proposition that a special defense may be used to assert that the complaint fails to state a cause of action.
The defendant relies on Scan Associates v. Civitello BuildingCo., Superior Court, judicial district of New Haven at New Haven, Docket No. 350641, 10 CONN. L. RPTR. 646 (January 24, 1994) (Hodgson, J.). In that case, he court denied a motion to strike a special defense which, as in the present case, alleged that the plaintiff's complaint does not state a cause of action upon which relief can be granted. Pointing out that the defendant does not have any burden in correcting a deficient complaint, the court reasoned that the only way of putting a plaintiff on notice of such a claim was via a special defense.[1]
Several courts have followed Scan Associates v. Civitello BuildingCo., supra, Superior Court, Docket No. 350643, 10 CONN. L. RPTR. 646, in holding that a special defense alleging no cause of action is sufficient and should survive a motion to strike. See Stack v.Harley Davidson of Danbury, Superior Court, judicial district of Danbury, Docket No. 323389, 17 CONN. L. RPTR. 634 (October 2, 1996) (Morghan, J.); Torres v. Melody, Superior Court, judicial district of New London at Norwich, Docket No. 098765 (December 7, 1995) (Levine, J.); Janowicz v. Melody, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138678 (March 15, 1995) (Lewis, J.); At least one court, however, has refused to follow Scan Associatesv. Civitello Building Co.. In Pozoukidis v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346988 (February 13, 1998) (Mottolese, J.) (21 CONN. L. RPTR. 382), the CT Page 6632 court questioned the nature of a special defense that merely alleges that there is no cause of action. That court reasoned that such a special defense does not meet the Practice Book requirements of § 164, now Practice Book (1998 Rev.) § 10-50, which states that "[n]o facts may be proved under either a general or special denial except such as to show that the plaintiff's statement of fact are untrue.Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ." (Emphasis added.) Practice Book § 164, now Practice Book (1998 Rev.) § 10-50 (quoting from revised section). Rather, a special defense that alleges there is no cause of action is conclusory and fails to inform the plaintiff of the actual basis of the claim. Pozoukidis v. City of Bridgeport, supra,
21 CONN. L. RPTR. 382
This court believes that the concerns raised by the court inPozoukidis v. City of Bridgeport, supra, 21 CONN. L. RPTR. 382, are appropriate and its rejection of Scan Associates v. Civitello
valid.
Absent a factual statement in support of the defendant's defense, a special defense is not the appropriate vehicle in which the defendant may raise an argument that the plaintiff has no cause of action. As pointed out by the court in Pozoukidis v.City of Bridgeport, supra, 21 CONN. L. RPTR. 382, "[j]ust as it was incumbent upon the plaintiff to allege some recognizable cause of action . . . so too must a defendant allege some recognizable legal theory in its defense. To allow such an indefinite special defense is to return to the days when litigation was somewhat of a blindman's bluff." Therefore, the plaintiffs' motion to strike the first special defense is granted.
 Second Special Defense
In its second special defense, the defendant alleges that the negligence of the plaintiff Justine Vann was a contributing factor in any alleged injury. The plaintiffs move to strike this special defense on the ground that the special defense is not legally sufficient. The plaintiffs argue that the doctrine of parental immunity bars the defendant from asserting the negligence of a parent as a special defense. The defendant objects and argues that parental immunity is not a bar in situations where the parent is a plaintiff in the action.
"The doctrine of parental immunity . . . forbid[s] to the CT Page 6633 minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." (Citations omitted; internal quotation marks omitted.) Squeglia v. Squeglia, 234 Conn. 259, 263,661 A.2d 1007 (1995). The doctrine of parental immunity has been modified in certain aspects. The Connecticut Supreme Court has on separate occasions stated that parental immunity "does not bar an action by an unemancipated child against a parent for injuries received because of: (1) the negligent conduct of a home . . . (2) the negligent operation of a motor vehicle, aircraft or waterborne vessel . . . or (3) sexual abuse, sexual assault or sexual exploitation." (Citations omitted.) Id.
There is a split among the Connecticut Superior courts as to whether the defendant can plead a special defense alleging that the parent's actions were a contributing factor to the injury of the minor plaintiff. Some courts have held that where the parent is already a party to the action, contributory negligence can bar the parent's own action for recovery of medical expenses. SeeMiller v. Lamoreaux, 26 Conn. Sup. 274, 275, 220 A.2d 776 (1965) ("[t]he right of the parent to recover is independent of the right of the child . . . [t]he defense of contributory negligence is addressed not to the child's right of action, which is not affected by the parent's conduct, but to the parent's right to recover his expense[s]"). See also Green v. Mancusi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128849 (January 18, 1994) (Karazin, J.) (9 C.S.C.R. 117);Benway v. Ruggerio, Superior Court, judicial district of New Haven at New Haven, Docket No. 321331 (December 15, 1992) (Maiocco, J.);Archer v. Morre, Superior Court, judicial district of Middlesex at Middletown, Docket No. 063228, 6 CONN. L. RPTR. 418 (May 18, 1992) (Austin, J.).
Other superior courts have held it is of no consequence whether the parent or child brings the suit for medical expenses; in either situation, parental immunity bars recovery and thus a special defense alleging contributory negligence should be stricken. Feer v. Santini,
Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531207, 19 CONN. L. RPTR. 612 (June 13, 1997) (Sullivan, J.);Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450, 20 CONN. L. RPTR. 25 (July 3, 1997) (Lager, J.); Samuels v. Connecticut Ballet School, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335728 (April 11, 1997) (Melville, J.). See also Aguilar v. Midstate Developers, Superior Court, judicial district of Waterbury at Waterbury, Docket No. CT Page 6634 131917, 17 CONN. L. RPTR. 634 (October 10, 1996) (Sullivan, J.) ("if the minor brings the action for the consequential damages comparative negligence of the parent would not apply, but if the parent brings the action for consequential damages comparative negligence may apply. To infer such a proposition could only be described as a totally illogical choice of form over substance, and hence is rejected . . .").
The court finds the reasoning followed by the superior courts in the latter cases more persuasive. The parental immunity doctrine seeks to "preserve the integrity and unity of the family and to avoid unnecessarily injecting `the machinery of the state' into the day-to-day exercise of parental discretion." Squeglia v.Squeglia, supra, 234 Conn. 265. "The supervision, care and instruction of one's child involves issues of parental control, authority and discretion that are uniquely matters of a very personal type. . . . Allowing a cause of action for negligent supervision would enable others, ignorant of a case's peculiar familiar distinctions and bereft of any standards, to second-guess a parent's management of family affairs. . . ." (Citations omitted; internal quotation marks omitted). Dubay v. Irish,207 Conn. 518, 527, 542 A.2d 711 (1988). To allow appointment for contributory negligence, even if parents were parties to the suit, would defeat the purposes of the parental immunity doctrine. Ayalav. Meehan, supra, Superior Court, Docket No. 049450, 20 CONN. L. RPTR. 25. "While the defendants may perceive this as leading to an inequitable result, it is not an irrational policy to choose to protect immune persons from involvement in litigation at the potential cost of some disproportionate liability." Id.
Accordingly the plaintiffs' motion to strike the defendant's second special defense is granted.
 Third Special Defense
In its third special defense, the defendant alleges that the injuries to the minor plaintiff were caused by the reckless conduct of the mother. The plaintiffs move to strike this special defense on the ground that the special defense is legally insufficient to state a defense. The plaintiffs argue that, even construed in a manner most favorable to the defendant, the alleged actions of the mother do not rise to the level of reckless conduct. The defendant objects and argues that it can be implied that the alleged actions of the mother were intentional and thus rise to a level of recklessness. CT Page 6635
"Recklessness is a state of consciousness with reference to the consequences of one's acts, [i]t requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man. . . ." Sheiman v.Lafayette Bank Trust, 4 Conn. App. 39, 45, 492 A.2d 219 (1985). "The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid injury to them. . . ." (Citations omitted; internal quotations marks omitted.) Dubay v. Irish, supra, 207 Conn. 532. "[R]eckless conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than a mere thoughtlessness or inadvertence, or simply inattention." Id., 533. (Emphasis added)
The third special defense alleges that the plaintiff mother was reckless in three ways. The plaintiff Justine Vann allowed a large number of individuals to gather on the porch; allowed the minor plaintiff and others to jump on and cause excessive vibrations to the porch; and failed to realize that as the porch was in a defective condition, the minor plaintiff or others might be injured in the course of such conduct. These allegations do not rise to the level of recklessness and thus the third special defense is legally insufficient.
Recklessness or wilful misconduct has been defined as "intentional conduct designed to injure for which there is no just cause or excuse. . . . Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Not only the action producing the conduct and circumstances. Not only the action producing the injury but the resulting injury also must be intentional." (Citations omitted; internal quotation marks omitted.) Dubay v.Irish, supra 207 Conn. 553. In the present case, construing the special defense, in a manner most favorable to maintaining the special defense, the special defense does not allege the necessary state of mind of the plaintiff so as to rise to the level of recklessness rather than negligence or "so as to constitute recklessness." While the third special defense alleges actions that may be negligent, thoughtless or a paradigm of inattentiveness, the special defense does not include any allegations that meet the level of recklessness as set out by the CT Page 6636 court in Dubay v. Irish, supra, 207 Conn. 553. Therefore the plaintiffs' motion to strike the defendant's third special defense is granted.
Accordingly the plaintiffs' motion to strike the first, second and third special defenses of the defendant are granted.
SKOLNICK, J.