[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SECOND SPECIAL DEFENSE
This matter comes before the court on plaintiff's motion to strike the defendants special defense on the basis that it is barred by the parental immunity doctrine.
On or about October 13, 1996, the minor plaintiff, Brandon Stone, and the defendant, Josh Bill, were splitting wood at the farm of the plaintiff, Walter Stone. The defendant activated the wood splitter at the same time the minor plaintiff was placing a piece of wood upon the splitter. As a result, the minor plaintiff suffered serious injuries to his left hand.
On June 20, 1997, the plaintiff, Walter Stone, filed a complaint individually, and on behalf of his minor son as his next best friend and legal guardian. On January 21, 1998, the defendant filed his answer and special defenses. On July 14, 1998, the plaintiff filed a motion to strike the defendants second special defense, which alleged that the injuries sustained by the minor were caused by the negligence of the plaintiff, Walter Stone. On August 6, 1998, the defendant filed an objection to the motion to strike and a memorandum of law in support. CT Page 3870
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense. Practice Book § 152."Krasnow v. Christensen, 40 Conn. Sup. 287, 288, 492 A.2d 850
(1985). "The purpose of a motion to strike is to test the legal sufficiency of the pleading . . . and can be filed to contest the legal sufficiency of any answer. including any special defense contained therein. Connecticut Practice Book Section 152(5) (rev'd to 1978, as updated to October 1, 1990)." (Citations omitted; internal quotation marks omitted.) Yale UniversitySchool of Medicine/Office of Professional Services v. Wurtzel,
Superior Court, judicial district of New Haven at New Haven, Docket No. 275314 (April 9, 1991, Mihalakos, J.) (3 Conn. L. Rptr. 520).
The plaintiff argues that the defendants second special defense which alleges that the plaintiff father was contributorily negligent for failing to exercise reasonable and proper supervision over the minor plaintiff, is barred by the parental immunity doctrine.
In opposition, the defendant argues that while the negligence of a parent is not imputable to an injured minor, a parents independent right of action to recover consequential damages may be barred if the parent of the minor child was contributorily negligent.
"The doctrine of parental immunity . . . forbid[s] to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." (Citations omitted; internal quotation marks omitted.) Squeglia v. Squeglia. 234 Conn. 259, 263,661 A.2d 1007 (1995). The doctrine of parental immunity has been modified in certain circumstances in that "the doctrine does not bar an action by an unemancipated child against a parent for injuries received because of: (1) the negligent conduct of the parent at a business enterprise located outside of the home . . . (2) the negligent operation of a motor vehicle, aircraft or waterborne vessel . . . or (3) sexual abuse, sexual assault or sexual exploitation." (Citations omitted.) Id., 265.
"The purpose of the [parental immunity] doctrine is to preserve the integrity and unity of the family and to avoid unnecessarily injecting the machinery of the state into the day-to-day exercise of parental discretion. (Internal quotation marks omitted.) Id. "The supervision, care and instruction of CT Page 3871 ones child involves issues of parental control, authority and discretion that are uniquely matters of a very personal type. . . . Each parent has unique and inimitable methods and attitudes on how children should be supervised. Likewise, each child requires individualized guidance depending on intuitive concerns which only a parent can understand. Also, different cultural, educational and financial conditions affect the manner in which different parents supervise their children. Allowing a cause of action for negligent supervision would enable others, ignorant of a cases peculiar familial distinctions and bereft of any standards, to second-guess a parents management of family affairs. Dubay v. Irish, 207 Conn. 518, 527, 542 A.2d 711 (1988).
There is a split among the Connecticut Superior courts as to whether a defendant can plead a special defense alleging that the parents actions were a contributing factor to the injury of the minor plaintiff.
Some courts have held that where the parent is a party to the action, contributory negligence can bar the parents own action for consequential damages. See Green v. Mancusi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128849 (January 18, 1994, Karazin, J.) (9 C.S.C.R. 117); Benway v.Ruggerio, Superior Court, judicial district of New Haven at New Haven, Docket No. 321331 (December 15, 1992, Maiocco, J. );Archer v. Moore, Superior Court, judicial district of Middlesex at Middletown, Docket No. 063228 (May 18, 1992, Austin, J.) (6 Conn. L. Rptr. 418).
Other courts have barred a third party from asserting the negligence of a parent, regardless of whether the parent is also a party to the action, on the grounds that it would defeat the underlying purpose of the parental immunity doctrine. SeeSeabrook v. Greater Bridgeport Transit, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328366 (April 9, 1998, Skolnick, J.) (21 Conn. L. Rptr. 657);Feer v. Santini, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531207 (June 13, 1997,Sullivan, J.) (19 Conn. L. Rptr. 612); Aguilar v. MidstateDevelopers, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 131917 (October 10, 1996, Sullivan, J.) (17 Conn. L. Rptr. 634); Hribko v. Drubner, Superior Court, judicial district of New Haven at New Haven, Docket No. 352204 (March 11, 1996, Corradino, J.). CT Page 3872
This court finds the reasoning followed by the superior courts in the latter cases more persuasive. The parental immunity doctrine was intended to "preserve the integrity and unity of the family." Squeglia v. Squeglia, supra, 234 Conn. 265. The doctrine seems to be directly implicated when a defendant seeks to bar or lessen a parents claim for consequential damages (i.e. child's medical expenses, etc.). "A parent has an obligation to pay for medical bills incurred for a child's treatment. If the child were successful in this lawsuit, any litigation result reducing the [fathers] claim for reimbursement based on [his] negligence would create problems similar to ones sought to be avoided by the doctrine of parental immunity . . . [The] defendant tortfeasor
might call the child as a witness to establish the parents liability . . . ." Hribko v. Drubner, supra, Superior Court, Docket No. 352204. This would defeat the purpose of the doctrine by "injecting the machinery of the state into the day to day exercise of parental discretion." Squeglia v. Squeglia, supra,234 Conn. 265.
Accordingly, the plaintiff's motion to strike the defendants second special defense is granted.
Mihalakos, J.