[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES (#110)
The present action involves a products liability claim. Currently before the court is the plaintiff's motion to strike the defendant's special defenses. Oral argument was heard in connection with the motion on October 23, 2000. The court finds that the special defenses are legally insufficient and, therefore, grants the plaintiff's motion to strike.
 PROCEDURAL BACKGROUND
This action was brought by the minor plaintiff, Paris Kuzoian, through her parent and natural guardian, Douglas Kuzoian, on March 24, 2000, seeking to recover for personal injuries and medical expenses. The plaintiff alleges that on July 1, 1999, Douglas Kuzoian purchased a "Schoolmaster Computer Desk" from the defendant, Saybrook Country Barn, Inc. (Saybrook). The desk was manufactured by the defendant, TSF Limited Liability Company d/b/a Tom Seeley (Seeley). The plaintiff further alleges that on November 13, 1999, she was severely cut by a sharp metal portion of the desk while she was putting the desk to its intended use.
The defendant, Seeley,[1] timely filed an answer and two special defenses. The plaintiff filed a motion to strike the special defenses along with a supporting memorandum of law. The defendant filed a timely objection and amended special defenses to which the plaintiff filed a reply.[2]
 STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the [special defense]." (Internal quotation marks CT Page 1392 omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [special defense], construed in favor of the [defendant]. . . ." (Internal quotation marks omitted.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "take the facts to be those alleged in the [special defense] . . . and. construe the [special defense] in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.)Eskin v. Castiglia, 253 Conn. 516, 522-23, 753 A.2d 927 (2000). "[W]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a [special defense] challenged by a [plaintiffs] motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doev. Yale University, 252 Conn. 641, 667, 748 A.2d 834 (2000). A motion to strike "does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra, 588.
 DISCUSSION
The defendant's first special defense alleges that "[t]he plaintiff's injuries and damages, if any, were proximately caused by her and/or her parents' misuse of the product and such misuse was not foreseeable by the defendant." The defendant's second special defense alleges that "the plaintiff and/or her parents assumed the risk of any injuries or damages that she may have sustained by knowingly and voluntarily[3] using the product when said condition was open and obvious." The plaintiff moves to strike the defenses as they apply to the plaintiff's parents on the ground that they are barred by parental immunity. The plaintiff further argues that the defendant failed to allege facts sufficient to support the special defense of misuse as it applies to the plaintiff herself.[4]
 I
The plaintiff moves to strike the defendant's special defenses on the ground that the defenses of misuse and knowing use by the plaintiff's parents are barred by parental immunity. The defendant argues that the doctrine of parental immunity does not bar a special defense of assumption of the risk or misuse by the plaintiff's parents. The defendant further argues that, because the plaintiff is seeking to recover medical expenses, the plaintiff's parent is a party to the action and, therefore, the special defenses are not barred as to the claim for medical expenses. CT Page 1393
The "doctrine [of parental immunity] bars an unemancipated child from suing his or her parents for personal injuries. . . . Under this doctrine a parent is not liable civilly to his child for personal injury inflicted during [the child's] minority." (Citations omitted; internal quotation marks omitted.) Crotta v. Home Depot, Inc., 249 Conn. 634, 638,732 A.2d 767 (1999). "The primary focus of the parental immunity doctrine in Connecticut is the protection of the relationship between the parent and the child." (Internal quotation marks omitted.) Id., 643. "Courts should not unnecessarily involve themselves in the day-to-day exercise of parental discretion regarding the upbringing and care of children. To do so would undermine parental authority in the very personal endeavor of child rearing and inject the machinery of the state into an area where its presence might be the occasion for family discord." (Internal quotation marks omitted.) Id., 643-44.
The doctrine of parental immunity has been abrogated in instances where injury to the minor occurs through the negligent operation of a motor vehicle, aircraft or vessel by the parent. See General Statutes §52-572c.[5] Additionally, the Supreme Court has "held that the doctrine does not apply where the alleged negligence arose out of the parent's operation of a business when the injury occurred away from the home at the parent's place of business." Ascuitto v. Farricielli, 244 Conn. 692, 699,711 A.2d 708 (1998). Finally, the doctrine does not "bar a suit by a child for sexual abuse, sexual assault or sexual exploitation by a parent." Id., 700.
Recently, the Supreme Court held that "the doctrine of parental immunity operates to preclude the parent of a minor plaintiff from being joined as a third party defendant for purposes of apportionment of liability, contribution or indemnification based on the parent's allegedly negligent supervision of the minor plaintiff." Crotta v. HomeDepot, Inc., supra, 249 Conn. 644-45. "Third party actions against a parent based on that parent's allegedly negligent supervision of his child would be no less disruptive of parental management of family affairs than would be a direct negligence action by the child against the parent. . . . Permitting such actions would undermine parental authority . . . in a similar manner." (Citations omitted; internal quotation marks omitted.) Id., 644.
Before Crotta was decided, the Superior Court was split on whether parental immunity bars a special defense of parental negligence in an action brought on behalf of a minor plaintiff. Some courts allowed such a claim to be raised as a defense to the parent's own action to recover expenses. See Martens v. Wild Bill Surplus Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539091 (June 20, 1995, Corradino, J.); Green v. Mancusi, Superior Court, judicial CT Page 1394 district of Stamford-Norwalk at Stamford, Docket No. 128849 (January 18, 1994, Karazin, J.) (9 C.S.C.R. 117); Benway v. Ruggerio, Superior Court, judicial district of New Haven at New Haven, Docket No. 321331 (December 15, 1992, Maiocco, J.). Other courts refused to allow a special defense of parental negligence regardless of whether the parent was a party to the action. See Stone v. Bill, Superior Court, judicial district of New London at New London, Docket No. 542825 (March 17, 1999, Mihalakos, J.) (24 Conn. L. Rptr. 221); Scott v. Foltz, Superior Court, judicial district of New London at New London, Docket No. 543218 (December 16, 1998, Mihalakos, J.); Dennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998,Skolnick, J.) (22 Conn. L. Rptr. 201); Feer v. Santini, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531207 (June 13, 1997, Sullivan, J.) (19 Conn. L. Rptr. 612); Aguilar v.Midstate Developers, Superior Court, judicial district of Waterbury, Docket No. 131917 (October 10, 1996, Sullivan, J.).
Since Crotta, two cases addressing the issue both granted motions to strike a special defense of parental negligence as to a claim brought by the parents of the injured child. See Hart v. Torello, Superior Court, judicial district of New Haven at New Haven, Docket No. 421294 (September 24, 1999, Devlin, J.) (parental immunity bars a special defense of parental negligence because the policy considerations and the resulting effect on the child are the same in a special defense as in third party action); Wright v. Rogers, Superior Court, judicial district of New Haven at New Haven, Docket No. 417078 (August 4, 1999, Lager, J.) (parental negligence cannot be used as a special defense to a claim for recovery of medical expenses brought by the parent); but see Sedawick v. Halfpenny, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065513 (August 15, 2000, Shay, J.) (noting that the plaintiff's parents instituted an independent claim for medical expenses and, therefore, made themselves a party to the action, the court allowed a special defense of parental negligence against the parents' claim).
The plaintiff in the present case seeks to recover for her personal injuries as well as medical expenses. There is authority barring a special defense of parental negligence to a claim for personal injury brought by the minor. See Feer v. Santini, supra, Superior Court, Docket No. 531207; Aguilar v. Midstate Developers, supra, Superior Court, Docket No. 131917. Furthermore, even those cases that allow parental negligence as a special defense to claims brought by a parent plaintiff do not allow such a defense to a claim of personal injury brought by the minor. See, e.g., Green v. Mancusi, supra, 9 C.S.C.R. 118 ("As the negligence of a parent is not imputable to an injured minor, the special defense of contributory negligence of the parent is not a legal barrier to the maintenance of a minor child's action."); Benway v. Ruggerio, supra, CT Page 1395 Superior Court, Docket No. 321331 (same). Accordingly, the court grants the plaintiff's motion to strike the defendant's special defenses of assumption of the risk and misuse by the plaintiff's parents as they pertain to the plaintiff's claim for personal injuries.
With regard to the plaintiff's claim for medical expenses, the plaintiff in the present case is the minor. Although she is bringing suit through her father, he is not a party to the action. "In any civil action arising out of personal injury or property damage, as a result of which personal injury or property damage the husband or parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent, except in an action in which the husband or parent is a defendant." General Statutes § 52-204. The defendant has not presented any authority supporting its argument that parental negligence may act as a special defense to a minor's claim for medical expenses. See, e.g., Feer v. Santini, supra,19 Conn. L. Rptr. 612 (striking the defendant's special defense of parental negligence against the parent's claim for medical expenses);Aguilar v. Midstate Developers, supra, Superior Court, Docket No. 131917 (same); Hribko v. Drubner, supra, Superior Court, Docket No. 352204 (same); Martens v. Wild Bill Surplus,Inc., supra, Superior Court, Docket No. 539091 (allowing a special defense of parental negligence against a parent's claim for medical expenses). Furthermore, this court finds most persuasive those cases which have held that parental negligence is not a valid special defense regardless of whether the plaintiff is the minor or the parent. "In the final analysis, in reality, it is the minor to whom the medical services are rendered. The fact that the parent is the emotional beneficiary of the medical services does not alter that fact, nor does the pragmatic reality that parents are often more economically able to work, and to have sources of revenue and hence are frequently less often judgment proof, alter the reality that the medical services are rendered to the child." Feer v. Santini, supra, 19 Conn. L. Rptr. 613. "It is patently illogical and unfair to the child, in reality the real obligor, to conclude that if the parent brought the action for medical bills, comparative negligence would apply; whereas if the child himself, PPA, brought the action for consequential damages, or if non-present-at-the-scene parent brought the action, comparative negligence would not, it is certain, apply." Id. Accordingly, the court grants the plaintiff's motion to strike the defendant's special defenses of assumption of the risk and misuse by the plaintiff's parents as they pertain to the plaintiff's claim for medical expenses.
Thus, the plaintiff's motion to strike the defendant's first and second CT Page 1396 special defenses is granted as those defenses pertain to the misuse or knowing use by the plaintiff's parents.
 II
The plaintiff moves to strike the defendant's first special defense of misuse by the plaintiff herself on the ground that the defendant failed to allege any facts to support its special defense and alleged mere legal conclusions. The defendant argues that its special defenses are sufficient and comply with the rules of practice which provide that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not the evidence by which they are to be proved. . . ." Practice Book § 10-1.
"`Misuse' occurs when a product is not used in a manner which should have been foreseen by the defendant." (Internal quotation marks omitted.)Norrie v. Heil Co., 203 Conn. 594, 600, 525 A.2d 1332 (1987). "To prevail on the defense of product misuse, [the defendants must] establish that [the product] was misused, that the misuse was not foreseeable and that the misuse was the proximate cause of the plaintiff's injuries." O'Neilv. Volkswagen of America, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344013 (February 2, 1998, Skolnick,J.).
The rules of practice provide that "[f]acts which are consistent with [the plaintiff's] statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged." Practice Book § 10-50. "The adverse party has the right to have the facts appear so that the question whether they support the conclusion may be determined and that he may have the opportunity to deny them." Smith v.Furness, 117 Conn. 97, 99, 166 A. 759 (1933). "The legal conclusions or opinions stated in the special defense are not deemed admitted, but rather must flow from the subordinate facts provided." County Federal Savings Loan Assn. v. Eastern, 3 Conn. App. 582, 586, 491 A.2d 401 (1985).
In the present action, the defendant's first special defense alleges that "[t]he plaintiff's injuries and damages, if any, were proximately caused by her and/or her parents' misuse of the product and such misuse was not foreseeable by the defendant." Although the defendant does allege all of the elements of the special defense, it does not plead any facts supporting those conclusions. Therefore, the defendant's first special defense is legally insufficient. Accordingly, the plaintiff's motion to strike the defendant's first special defense is granted.
 CONCLUSION
CT Page 1397
The plaintiff's motion to strike the defendant's first special defense is granted because, as to the plaintiff's parents, the special defense is barred by parental immunity and, as to the plaintiff herself, the defendant failed to allege supporting facts. The plaintiff's motion to strike the defendant's second special defense is granted because, as to the plaintiff's parents, the special defense is barred by parental immunity and, as to the plaintiff herself, the defense was withdrawn. It is so ordered.
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT