ROBERT V. SQUEGLIA, JR. *v.* ROBERT V. SQUEGLIA, SR.
(12706)

FOTI, LAVERY and HEIMAN, Js.

Argued March 31—decision released June 28, 1994

*Kathleen S. Mass,* with whom, on the brief, was *Vincent R. Falcone,* for the appellant (plaintiff).

*David J. Crotta, Jr.,* with whom, on the brief, was *Carolyn P. Gould,* for the appellee (defendant).

LAVERY, J. The sole issue on appeal in this case is whether the doctrine of parental immunity bars an action by an unemancipated minor against his father pursuant to General Statutes § 22-357. The defendant, Robert V. Squeglia, Sr., owned a dog that attacked and injured his four year old son, Robert V. Squeglia, Jr., in 1991. Later that year, the child brought suit[1] against the defendant pursuant to General Statutes § 22-357[2] seeking damages for his personal injuries.

The defendant moved for summary judgment claiming that the parental immunity doctrine barred the plaintiff's recovery. The trial court found that no genuine issue of material fact existed because the parties were father and son and the father owned the offending dog. The trial court also found that the defendant was entitled to judgment as a matter of law because the doctrine of parental immunity barred the plaintiff's suit. The plaintiff appeals from the trial court's summary judgment ruling in favor of the defendant.

---

[1] The suit was commenced by Claudia Squeglia, the plaintiff's mother and next friend.

[2] General Statutes § 22-357 provides in pertinent part: "If any dog does any damage to either the body or property of any person, the owner or keeper, or, if the owner or keeper is a minor, the parent or guardian of such minor, shall be liable for such damage  . . . ."

The standard governing our review of a trial court's summary judgment ruling is clear. Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. Once the movant shows an absence of any disputed material fact, the opponent must demonstrate that a genuine issue of material fact exists through supporting evidence. *Wadia Enterprises, Inc.* v. *Hirschfeld,* 27 Conn. App. 162, 165–66, 604 A.2d 1339, aff'd, 224 Conn. 240, 618 A.2d 506 (1992). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citation omitted; internal quotation marks omitted.) Id.

The plaintiff brought suit pursuant to § 22-357. That statute imposes strict liability on the owner or keeper of a dog to third parties for injuries the animal causes. *Maccarone* v. *Hawley,* 7 Conn. App. 19, 24, 507 A.2d 506 (1986). It " 'abrogate[s] the common-law doctrine of scienter as applied to damage by dogs to persons and property, so that liability of the owner or keeper became no longer dependent upon his knowledge of the dog's ferocity or mischievous propensity . . . .' " Id., quoting *Granniss* v. *Weber,* 107 Conn. 622, 625, 141 A. 877 (1928).

The parties did not dispute that the defendant is the plaintiff's father or that the defendant owned the responsible dog. Thus, the trial court correctly found that there existed no genuine issue of material fact. The trial court went on to rule that the defendant was entitled to judgment as a matter of law because the parental immunity doctrine barred the plaintiff's suit. The plaintiff challenges this ruling.

"The parental immunity doctrine bars an unemancipated minor from suing his or her parent for injuries caused by the negligence of that parent." *Dubay* v. *Irish,* 207 Conn. 518, 523, 542 A.2d 711 (1988); see *Mesite* v. *Kirchenstein,* 109 Conn. 77, 86–87, 145 A. 753 (1929). Under this doctrine, parents are not liable civilly to their children for personal injuries inflicted during their minority. *Dubay* v. *Irish,* supra, 523; *Mesite* v. *Kirchenstein,* supra, 82–83. The purpose of the doctrine is to preserve the integrity and unity of the family and to avoid unnecessarily injecting the machinery of the state into the day-to-day exercise of parental discretion. See *Dubay* v. *Irish,* supra, 527; *Mesite* v. *Kirchenstein,* supra, 82–83. Our Supreme Court has recently confirmed the vitality of the doctrine. See *Dubay* v. *Irish,* supra, 523, 527–28, 530.

Connecticut law recognizes only four exceptions to the parental immunity doctrine. First, an unemancipated minor can sue the employer of a parent whose negligence in the course of employment injured the child, thereby putting the parent at risk of an indemnity suit. *Chase* v. *New Haven Waste Material Corp.,* 111 Conn. 377, 380, 150 A. 107 (1930). Second, a minor can sue a parent if the child was emancipated prior to the tortious conduct. See *Wood* v. *Wood,* 135 Conn. 280, 283, 63 A.2d 586 (1948). Third, an unemancipated minor can sue a parent for injuries received through the negligent conduct of a business enterprise conducted away from the home. *Dzenutis* v. *Dzenutis,* 200 Conn. 290, 300, 512 A.2d 130 (1986). Fourth, an unemancipated minor can sue a parent for injuries resulting from the negligent operation of a motor vehicle, aircraft or waterborne vessel. General Statutes § 52-572c.[3]

---

[3] General Statutes § 52-572c provides in pertinent part: "In all actions for negligence in the operation of a motor vehicle, and . . . for negligence in the operation of an aircraft or vessel, as defined in section 15-127, result-

This last exception is notable in the context of this case. By adopting § 52-572c in 1967, the legislature chose to abrogate the doctrine only as it related to various motorized vehicles. Although § 22-357 was in effect at that time, and the legislature is presumed to have "acted with knowledge of existing statutes and with an intent to create one consistent body of laws"; *Zachs* v. *Groppo,* 207 Conn. 683, 696, 542 A.2d 1145 (1988); the legislature chose not to abrogate the doctrine as it related to dog induced injuries. Thus, although the legislature knew of the existence of § 22-357, the legislature chose not to remove it from the scope of the parental immunity doctrine. See *Begley* v. *Kohl & Madden Printing Ink Co.,* 157 Conn. 445, 450 n.1, 245 A.2d 907 (1969); but see *Dzenutis* v. *Dzenutis,* supra, 200 Conn. 301 (refusing to attribute any import to the narrow scope of § 52-572c).

The plaintiff argues that the parental immunity doctrine applies solely to cases sounding in negligence. Because his suit is based on a statute, he posits that the doctrine is not a bar. The plaintiff's assertion is incorrect: the parental immunity doctrine bars all parental civil liability to an unemancipated minor for personal injuries inflicted during minority. *Roberts* v. *Caton,* 224 Conn. 483, 491, 619 A.2d 844 (1993); *Mesite* v. *Kirchenstein,* supra, 109 Conn. 82–83; see also *Begley* v. *Kohl & Madden Printing Ink Co.,* supra, 157 Conn. 450 (rejecting claim that parental immunity doctrine does not bar suit for wilful and wanton misconduct).

Further, the reasoning behind the rule applies equally in both negligence and nonnegligence tort cases. "The State and society are vitally interested in the integrity and unity of the family and in the preservation of the

ing in personal injury, wrongful death or injury to property, the immunity between parent and child in such negligence action brought by a parent against his child or by or on behalf of a child against his parent is abrogated."

family relation. The obligation of the [parents] to care for, guide, control and educate their child, and the reciprocal obligation of the child to serve and obey the parent, are essentials of the family relationship. Authority in the parent to require obedience in the child is indispensable to the maintenance of unity in the family. Anything [that] undermines this authority, brings discord into the family, weakens its government and disturbs its peace, is an injury to society and to the State. Few things could bring about this unhappy condition more quickly or widen the breach between parent and child further than the bringing of an action at law for personal injuries by a minor child against the parent." *Mesite* v. *Kirchenstein,* supra, 109 Conn. 84; *Dzenutis* v. *Dzenutis,* supra, 200 Conn. 293. To permit such actions is against sound public policy. *Begley* v. *Kohl & Madden Printing Ink Co.,* supra, 157 Conn. 450.

Therefore, we conclude that the trial court properly ruled that the parental immunity doctrine barred the plaintiff's action and that the defendant was entitled to judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.