[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR STAY OF PROCEEDINGS #109
The defendant, Eastern Home Inspection, Inc. (EHI) and Robert J. MacNeill, move for a stay of proceedings in this action based upon an arbitration provision in an agreement between EHI and the plaintiffs Gary and Darlene Tobin. These defendants claim that the plaintiffs' claims in this action arise from an agreement whereby the defendant MacNeill, acting as agent or servant for EHI was to perform a home inspection and provide a home inspection report. CT Page 13613
The agreement at issue provides that "[a]ny claim based upon this Agreement or the Report shall be resolved exclusively by arbitration. . . . The arbitration decision is binding on all parties." Counts thirteen through twenty-two of the plaintiffs' amended complaint are directed to the defendant's EHI and MacNeill. Essentially the claims are framed in terms of negligence on the part of both defendants, and CUTPA violations on the part of both defendants. The plaintiffs claim personal injuries on behalf of the minor plaintiff Jillian Tobin, and on behalf of Gary and Darlene Tobin there are claims of medical expenses incurred on behalf of Jillian, emotional distress as a result of the personal injuries to Jillian, along with property damage insofar as the cost to "de-lead" the subject premises is concerned.
After a review of the memoranda of law submitted by the parties and consideration of the claims of counsel made during oral argument, the court is of the opinion that the motion for stay, should be denied. The main claim set forth in the action is that of the personal injuries to Jillian Tobin. With the exception of a property damage claim relating to the presence of lead paint, all other claims are also related to or flow from the personal injury claim of Jillian Tobin. Jillian Tobin is not a party to the agreement upon which the defendants rely and her rights are therefore not governed thereby, notwithstanding the fact that she must bring this action through a parent or guardian because she is a minor.
Arguably, the claims of Gary and Darlene Tobin might be stayed and those of Jillian allowed to proceed. Given the nature of the respective claims and the extent to which they are interwoven, such a course of conduct, in the court's opinion, might lead to an anomalous result and would not further the public policy considerations which are relied upon to encourage arbitration.
Therefore, the motion to stay proceedings is denied.
Bruce W. Thompson, Judge CT Page 13614