[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON GOODMAN'S MOTION FOR SUMMARY JUDGMENT
This is a six count complaint seeking damages for personal injuries to a minor, Nicole Stewart, as a result of a dog bite and for "bystander" emotional damages to her brother Joseph, a minor and her mother Joelle Stewart. Counts one, three and five are directed to Brian Chapman owner of the dog; counts two, four and six are directed to Lisa Goodman as "keeper" of the dog; count two seeking damages under general statutes § 22-357, Connecticut's "dog bite" statute; count four claiming common law negligence and count six alleging bystander emotional damages.
The dog bite incident happened on or near the premises of defendant Brian Chapman, the unquestioned owner of the dog. Plaintiffs had just left the premises following a visit to sell candy when defendant Goodman, a social visitor at the home of Chapman, let the dog outside when for some undetermined reason it allegedly bit Nicole Stewart, then three years old, and allegedly caused the emotional damage to her mother Joelle and her brother Michael.
Goodman has moved for summary judgment as to counts two, four and six of the complaint on the basis that there exists no genuine issue of material fact that she was not the owner or keeper of the dog and, accordingly, she is entitled to judgment as a matter of law. The motion is supported by the affidavits of Chapman and Goodman. In opposition, the plaintiffs argue that summary judgment is inappropriate because there exists a genuine issue of material fact regarding whether Goodman was a keeper of the dog and, in support of the opposition, the plaintiffs provide an affidavit, copies of the police report and investigation of the incident and a copy of a statement made by Goodman.
 I.
CT Page 4650
General Statutes § 22-357 provides, in pertinent part: "If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage . . . ." This statute "imposes strict liability on the owner or keeper of a dog to third parties for injuries the animal causes."Squeglia v. Squeglia, 34 Conn. App. 866, 868 (1994). There is no dispute that Goodman was not the owner of the dog and she can be held liable under § 22-357 only if she can be found to be a "keeper" of the dog. General Statutes § 22-327 defines "keeper" as "any person, other than the owner, harboring or having in his possession any dog."
In Connecticut, the general rules has been that a person becomes a keeper of a dog only upon the exercise of some dominion or control, or the acceptance or exercise of some responsibility for care of the dog. R. Newman J. Wildstein, Tort Remedies in Connecticut (1996) § 18-5, p. 273. The reported cases support this conclusion.
The plaintiff's argue that there exists a genuine issue of material fact regarding whether Goodman was harboring the dog, or had the dog in her possession.
In order to harbor or possess a dog, some degree of control must be exercised. Murphy v. Buonato, 42 Conn. App. 239, 244
(1996).
To harbor a dog is to afford lodging, shelter or refuge to it. Falby v. Zarembski, 221 Conn. 14, 19 (1992). A harbored of a dog is one who treats a dog as living in his home and undertakes to control the dogs action. Buturla v. St. Onge,9 Conn. App. 495, 497 (1987), citing McCarthy v. Daunis, 117 Conn. 307, 309
(1933) which states that "one who treats a dog as living in his house and undertakes to control his actions is the owner, keeper, or harbored". "Possession of a dog cannot be fairly construed as anything short of the exercise of dominion and control. Falby v.Zarembski, supra, 221 Conn. 19.
However, there are no facts adduced in the affidavits or other evidence provided in support of the plaintiff's opposition which indicate that Goodman harbored the dog. In the reported cases, the following types of evidence have been held significant in determining whether an individual kept or harbored a dog: who fed the dog; who tied and untied the dog; see id.; at whose call CT Page 4651 the dog would come; see Lanna v. Konen, 119 Conn. 656, 168 Ky. 288
(1916); and who controlled the premises where the dog was kept; see Bailey v. Desanti, 36 Conn. Sup. 156 (1980). There are no facts alleged by the plaintiffs to demonstrate that Goodman engaged in any of this type of activity or afforded lodging, shelter or refuge to the dog. There appears to be no genuine issue of material fact respecting the conclusion that Goodman did not harbor the dog.
 II.
The plaintiffs then argue that there exists a factual dispute regarding whether Goodman had possession of the dog at the time of the attack.
In Hancock v. Finch, 126 Conn. 121 (1939), the plaintiff, a neighbor of the defendants, agreed to feed and water the defendant's dogs while the defendants were away. The dogs were kept in a kennel and runway in the back of the defendant's house, and the plaintiff was instructed not to let the dogs out of the runway. In the course of preparing food for the dogs, the plaintiff let them out of the runway and he and his wife were attacked and injured. The court determined that, based on these facts, the plaintiff was not a "keeper" of the dogs, and it was not error for the trial court to refuse to submit to the jury the defendant's special defense alleging that the plaintiff was a keeper. The court noted that the interpretation "that possession cannot be fairly construed as anything short of the exercise of dominion and control similar to and in substitution for that which ordinarily would be exerted by the owner in possession" carries out "the purpose of the statute," and "[t]o subject one in the position of this plaintiff, having temporary custody of a dog, to the heavy liability imposed by the statute would be to go far beyond its apparent object."
Conversely, in Murphy v. Buonato, supra, 42 Conn. App. 245, the Appellate Court reversed the trial courts conclusion that the plaintiff was in temporary custody of a dog that attacked him while caring for it on behalf of the defendant who was out of town, and therefore was not a "keeper" as defined in Hancock. The court determined that "the plaintiff exercised a far greater degree of care and control over the dog than that exercise inHancock" by retaining "sole possession of the dog, allowing "it to live at his own residence, providing it with shelter and lodging, accepting full responsibility for its care and CT Page 4652 controlling each of the dogs actions from the moment the defendant delivered it until the moment the plaintiff was bitten." Murphy v. Buonato, supra, 42 Conn. App. 246.
In the present case, there is no evidence adduced in support of the plaintiffs' opposition to the motion for summary judgment that would demonstrate that the defendant was in "possession" of the dog as contemplated by the statute. In fact, there exists no evidence that Goodman manifested any dominion or control over the dog or accepted or exercised any responsibility for the dogs care. There are allegations in Joelle's affidavit, provided in opposition to the motion for summary judgment, that the dog came out of the house when Goodman did, that the dog "stayed close to" Goodman and that the dog was seen with Goodman "on numerous occasions (even though Mr. Chapman was there)". These allegations do not raise a genuine issue of material fact with regard to whether Goodman possessed the dog because they fail to demonstrate any possession as defined by law. Other statements, made by Goodman herself, indicating that the dog did not jump on her when she entered Chapman's home, that she was aware the dog was out of the house and that she could not recall the dog being without a leash previous to the day of the attack similarly fail to raise a genuine issue of material fact.
Even if it could be implied from the facts adduced by the plaintiffs that Goodman had sufficient control over the dog for the period of time that she and the dog were outside of Chapman's house, such temporary and transient control are not sufficient to make one a keeper. Dillon v. Burke, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529578 (January 28, 1997, Hennessey, J.) (18 Conn. L. Rptr. 679), citingHancock v. Finch.
Motion for summary judgment as to court two is granted.
 III.
Goodman also moves for summary judgment on count four of the complaint, sounding in negligence, and count six of the complaint, sounding in bystander emotional distress, arguing that there is no evidence that she owned, kept or exercised control over the dog and therefore owed no duty to the plaintiffs.
Plaintiffs argue that counts four and six are brought under a common law theory of negligence and therefore they need not CT Page 4653 demonstrate that Goodman was an owner or keeper as defined under General Statutes § 22-357. These allegations in the complaint claim that Goodman "was negligent in that she either intentionally let the dog out, or left the door to the residence open allowing the dog to go outside".
While the plaintiffs argue that there exists a genuine issue of material fact regarding Goodman's alleged negligence in intentionally letting the dog out of the residence or leaving the door open, the allegations in the complaint base Goodman's negligence on other grounds: (1) "[allowing] the dog to roam without a leash, when she knew or should have known of the dog's propensity to bit;" (2) "[failing] to warn . . . Nicole . . . or her parents of the dog's propensity to bite;" (3) "[harboring] a dog which was a nuisance by reason of his vicious disposition in violation of § [22-363] of the Connecticut General Statutes;" and (4) "[allowing] a dog to roam while not under control of the owner/keeper on land of another in violation of § 22-364 of the Connecticut General Statutes."
It appears that the plaintiffs are correct in contending that the complaint need not allege that Goodman was an owner or keeper in order to recover on a common law theory of negligence.
Goodman argues that she owed no duty to the plaintiffs to keep control of the dog and there is consequently no causal connection between a duty and any damages suffered by the plaintiff.
 The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand . . . . [T]he test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case.
 Mendillo v. Board of Education of the Town of East Haddam,246 Conn. 456, 483-84, (1998); see Clohessy v. Bachelor,237 Conn. 31, 45-46 (1996). CT Page 4654
The allegations in the fourth count, Paragraph 4(a) and (b), and in the sixth count, Paragraph 5(a) and (b), premise common law liability upon the theory that "[a]t common law, to sustain an action for injuries caused by a dog, the plaintiff must prove that the dog had vicious propensities and that the owner or keeper had knowledge, or the means of knowledge, of them." Basneyv. Klema, 2 Conn. Cir. Ct. 538, 544, 203 A.2d 95 (1964).
In Reed v. Comen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 311292 (April 29, 1998, Mottolese, J.), the plaintiff bought a dog from a breeder, and subsequently sued the breeder for dog bite injuries that he sustained. The plaintiff sued under the theories of fraudulent misrepresentation, strict liability (pursuant to the dog bite statute) and negligence. The plaintiff argues that he was entitled to recovery under the dog bite statute because the misrepresentation by the defendant, relating to concealment of the dogs "dangerous propensities," rendered the contract for sale void and, accordingly, the defendant remained the "owner" under the terms of the statute. The defendant moved for summary judgment as to all three counts of the complaint. The court denied the defendant's motion for summary judgment as to the negligence count, which alleged that the defendant "was negligent in failing to warn him of the dogs dangerous propensities, history and aggressiveness." Noting the common law rule in dog bit cases set out in Basney v. Klema, supra, 2 Conn. Cir. Ct. 544, and determining that while the defendant was neither the owner nor keeper of the dog . . . there were genuine issue of material fact which arose out of the claimed representations.
In the present case it is alleged in the affidavits and attached documents that Goodman had been at Chapman's house "almost every day for at least a year . . . and with the dog" prior to the attack; that Goodman had "been around the dog for more than two years"; that the dog had bitten other people in the past; that the dog exited Chapman's house at the same time Goodman did; that the dog was without a leash; that the dog "reacts when he is provoked in some way or protecting his territory"; and that Goodman was "aware that [the dog] should be on a leash at all times.
Construed in a light most favorable to the plaintiff, these allegations at least raise a genuine issue of material fact as to whether it was foreseeable that injury to the plaintiffs could occur. CT Page 4655
Motion for summary judgment granted as to count two; denied as to counts four and six.
Wagner, JTR