[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
This is a personal injury action in which a young child in the care of a babysitter is alleged to have fallen from a counter top onto a concrete floor thereby sustaining injuries. The parents of the child have brought suit in two counts. Count one seeks damages for the child's personal injuries. Count two seeks reimbursement to the father for medical bills and other expenses incurred in the care and treatment of the child. As to the second count, the defendant has raised the special defense that the damages were caused by the father's own negligence.
The plaintiffs have moved to strike this special defense asserting that it is barred by the doctrine of parental immunity. For the reasons set forth below, the motion to strike the special defense is granted.
Subsequent to the filing of the motion to strike, the Connecticut Supreme Court announced its decision in Crotta v.Home Depot, Inc., 249 Conn. 634 (1999). In Crotta the court addressed the question of whether, in an action brought by the parent seeking damage for his child's injury, a defendant may join the parent as a third party defendant for the purposes of asserting claims of apportionment of liability, contribution and indemnification based on the parent's negligent supervision of the minor child. Id. 645. The Supreme Court held that the doctrine of parental immunity operated to bar the parent from being so joined. Id. 639-42.
The defendant seeks to distinguish Crotta based on the claim that in this case, the claim of contributory negligence is being CT Page 12952 asserted to the parent's own claim rfor economic damages.
Before Crotta there was a split of authority among the Connecticut superior courts that had addressed this question. Some courts allowed parental negligence claims to be raised against a parent in the a parent's action to recover expenses. See Miller v. Lamoureaux, 26 Conn. Sup. 274, 275, 220 A.2d 776
(1965) (The defense of contributory negligence is addressed not to the child's right of action, which is not affected by the parent's conduct, but to the parent's right to recover his expense[s]; "and therefore reversing demurrer to special defense); Green v. Mancusi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128849 (January 18, 1994, Karazin, J.) (9 C.S.C.R. 117, 11.8) (denying motion to strike special defense because parents were already parties to action, and trier would consider their negligence when determining negligence percentages pursuant to General Statutes § 52-572h); Benway v. Ruggerio, Superior Court, judicial district of New Haven at New Haven, Docket No. 321331 (December 15, 1992, Maiocco, J.) denying motion to strike special defense and reasoning that parent's independent right of action to recover consequential damages may be barred if the parents were contributory negligent).
Other courts held that it is of no consequence whether the parent or child brings the suit for economic damages; in either situation, allowing an assertion of the parent's contributory negligence would defeat the purpose of parental immunity. SeeDennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998, Skolnick, J.) (22 Conn. L. Rptr. 201, 203) ("allowing a cause of action for negligent supervision would enable others, ignorant of a case's peculiar familiar distinctions and bereft of any standards, to second-guess a parent's management of family affairs"); Feer v.Santini, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531207 (June 13, 1997, Sullivan, J.) (19 Conn. L. Rptr. 612, 613-14) (since medical services are in fact rendered to child, not important that parent brought claim for medical services rather than child; and as parent's comparative negligence not applicable to claim for medical bills, special defense of parent's comparative negligence stricken);Tobin v. Connecticut Housing Finance Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 333231 (June 17, 1997), Lager, J.) (finding that parental immunity bars claims alleging parental contributory negligence whether raised CT Page 12953 as special defense or counterclaim); Seabrook v. GreaterBridgeport T., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328366 (April 9, 1998, Skolnick, J.) (21 Conn. L. Rptr. 657, 658-59) (striking cross claim seeking apportionment and indemnification on parental contributory negligence theory as would defeat the purpose of parental immunity doctrine); Hribko v. Drubner, Superior Court, judicial district of New Haven at New Haven Docket No. 352204 (March 11, 1996, Corradino, J.) (striking defendant's indemnification claim predicated on plaintiff parent's contributory negligence as barred by parental immunity doctrine).
The reasoning in Crotta is more consistent with the latter line of cases. As the Supreme Court stated:
 It is artificial to separate the parent and child as economic entities by the assertion that the recovery of the nonparent defendant from the negligent parent does not technically diminish the injured child's recovery. The reality of the family is that, except in cases of great wealth, it is a single economic unit and recovery by a third party against the parent ultimately diminishes the value of the child's recovery.
Crotta supra 249 Conn. 644. Accordingly, whether the claim of parental negligence is raised by apportionment, contribution, indemnification or, as here, special defense the effect is the same — it diminishes the child's recovery. Current law does not permit such diminution.
For the reasons set forth above, the motion to strike the defendant's special defense to the second count is granted.
So ordered at New Haven, Connecticut this 24th day of September, 1999.
Devlin, J.