[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #111
The plaintiffs have filed a motion to strike the defendant Gaffney's First and Second Special Defenses to Count Six of the plaintiffs' complaint. The plaintiffs argue that the doctrine of parental immunity bars counterclaims and special defenses alleging negligent supervision, as pleaded by the defendant Gaffney in the First Special Defense, and that the defendant's Second Special Defense does not allege any facts and thus, is legally insufficient.
The present action arises from a collision between the plaintiff, Robert Carney and the defendant Patricia Gaffney, on October 2, 2002. Carney was riding his bicycle as he approached the intersection of Broad and Park Streets in Guilford, Connecticut. The plaintiff Carney complains that his view of the intersection was blocked by a Federal Express delivery truck parked adjacent to the marled crosswalk. The truck was parked in a "no parking" zone within a short distance of the intersection and the crosswalk so as to obstruct the view of the intersection of those driving and those attempting to cross the intersection within the crosswalk. The parked Federal Express truck was under the control of the defendant Fernandes, who was operating the vehicle in his capacity as an employee of Federal Express. The plaintiff Carney alleges that he was proceeding to cross the intersection on his bicycle within the crosswalk, and as he emerged from behind the Federal Express truck, he was struck by the Gaffney vehicle, causing him serious personal injuries.
The plaintiff's mother, Sandra Wood, has alleged that she was required to return to Connecticut from Tennessee, to provide financial and emotional care to her son, who is not a minor, but rather is a mentally handicapped adult.[1]
In response to the plaintiffs' complaint, the defendant Gaffney on October 16, 2002 filed Special Defenses. The First Special Defense to Count Six alleges as follows: CT Page 2578-eh
Any and all injuries, losses or damages allegedly sustained by the plaintiff Sandra Wood was directly and proximately caused by her own negligence or carelessness in one or more of the following ways:
She failed to properly supervise her son regarding the avoidance of dangers which were known to him or dangers to which he might become exposed.
Moreover, the defendant alleges in her Second Special Defense to Count Six, "the plaintiff Sandra Wood has failed to state a claim for which relief should be granted."
In deciding a motion to strike the court reviews the relevant standard of law. The legal sufficiency of a special defense is properly attacked by a motion to strike. Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint, but demonstrate nonetheless that the plaintiff has no cause of action." Grant v.Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992). "The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 535 A.2d 390 (1988). "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. BridgeportHousing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541-50,427 A.2d 822 (1980). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., supra, 196 Conn. 108-09.
 I
The court first addresses the plaintiffs' argument that the doctrine of CT Page 2578-ei parental immunity bars the defendant's special defense of inadequate parental supervision. The plaintiffs argue that Connecticut courts have clearly held "that the doctrine of parental immunity bars claims alleging negligent exercise of parental discretion, whether raised as a special defense or a counterclaim. Richardson v. Schochat, Superior Court, judicial district of New Haven at New Haven, No. LPL-CV97 0398264 (January 29, 1998) (Lager, J.), 1998 Ct. Sup. 981, 21 Conn.L.Rptr. 254;Pickering v. Stanchak, Superior Court, judicial district of Hartford/New Britain at New Britain, No. LPL-CV-95-0470124S (Aug. 6, 1998) (Lager, J.), 1998 Ct. Sup. 8622, 22 Conn.L.Rptr. 518. The plaintiffs also point to Squeglia v. Squeglia, 234 Conn. 259, 265 (1995), which stated that the parental immunity doctrine seeks to "preserve the integrity and unity of the family and to avoid unnecessarily injecting the machinery of the state into the day-to-day exercise of parental discretion." The plaintiffs continue that if counterclaims or special defenses based on negligent parental supervision were allowed to stand, the purposes of the parental immunity doctrine would clearly be defeated. Tobin v. ConnecticutHousing Finance Authority, Superior Court, judicial district of New Haven at New Haven, No. 333231 (Dec. 6, 1995) (Thompson, J.),1995 Ct. Sup. 13612, 15 Conn.L.Rptr. 471, citing Hribko v. Drubner, Superior Court, judicial district of New Haven at New Haven, No. CV 93-0352204 (March 11, 1996) (Corradino, J.), 1996 Ct. Sup. 1587. Thus, the plaintiffs conclude that Sandra Wood cannot be held liable for failing to supervise the actions of her son Robert Carney.
The defendant Gaffney in opposition to the motion to strike argues that the doctrine of parental immunity is inapplicable to this case because the plaintiff Robert Carney was not a minor child at the time of this incident, nor does the complaint allege anything to the contrary. Further, the doctrine of parental immunity does not bar the special defense of inadequate parental supervision when the parent, like Sandra Wood, is an independent party in the legal action.
The doctrine of parental immunity "bars an unemancipated child from suing his or her parents for personal injuries." Ascuitto v. Farricelli,244 Conn. 692, 697 (1998). "Under this doctrine a parent is not liable civilly to his child for personal injury inflicted during the child's minority . . ." Dubay v. Irish, 207 Conn. 518, 523 (1988).
"Connecticut law recognizes only four exceptions to the parental immunity doctrine. First, an unemancipated minor can sue the employer of a parent whose negligence in the course of employment injured the child, thereby putting the parent at risk of an indemnity suit. Chase v. NewHaven Waste Material Corp., 111 Conn. 377, 380, 150 A. 107 (1930). Second, a minor can sue a parent if the child was emancipated prior to CT Page 2578-ej the tortious conduct. See Wood v. Wood, 135 Conn. 280, 283, 63 A.2d 586
(1948). Third, an unemancipated minor can sue a parent for injuries received through the negligent conduct of a business enterprise conducted away from the home. Dzenutis v. Dzenutis, 200 Conn. 290, 300, 512 A.2d 130
(1986). Fourth, an unemancipated minor can sue a parent for injuries resulting from the negligent operation of a motor vehicle, aircraft or waterborne vessel. General Statutes 52-572c." Squeglia v. Squeglia,34 Conn. App. 866, 869 (1994), 644 A.2d 378; affirmed, 234 Conn. 259,661 A.2d 1007 (1995).
In the case at bar, the plaintiffs have not alleged, nor can they allege that the plaintiff Robert Carney was a minor at the time of the incident in question. Therefore, the doctrine of parental immunity does not apply.
The court will not consider the question of expanding the doctrine of parental immunity to situations regarding parents of adult children who are mentally handicapped. The plaintiffs have failed to include any allegations regarding the plaintiff Carney's mental status in their complaint, and the court is limited in its ruling to the facts alleged in the complaint. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1985).
If the plaintiff could be considered a minor, parental immunity would bar the Special Defense of contributory negligence when the parent is a voluntary party to the action, such as the plaintiff Sandra Wood is in the present action. The court adopts the reasoning set forth in Hart v.Torello, Superior Court, judicial district of New Haven at New Haven, No. CV99 0421294 (September 24, 1999) (Devlin, J.), 25 Conn.L.Rptr. 506,1999 Ct. Sup. 12951. Hart offers a thorough and convincing analysis ofCrotta v. Home Depot, Inc., 249 Conn. 634 (1999).
In Crotta the court addressed the question of whether, in an action brought by the parent seeking damage for his child's injury, a defendant may join the parent as a third party defendant for the purposes of asserting claims of apportionment of liability, contribution and indemnification based on the parent's negligent supervision of the minor child. Id. 645. The Supreme Court held that the doctrine of parental immunity operated to bar the parent from being so joined. Id. 639-42. The court in Hart v. Torello, supra at 12953-53 wrote:
Before Crotta there was a split of authority among the Connecticut superior courts that had addressed this question. Some courts allowed parental negligence claims to be raised against a parent in the parent's action to recover expenses. See Miller v. Lamoureaux, 26 Conn. Sup. 274, CT Page 2578-ek 275, 220 A.2d 776 (1965) (the defense of contributory negligence is addressed not to the child's right of action, which is not affected by the parent's conduct, but to the parent's right to recover his expense[s], and therefore reversing demurrer to special defense); Greenv. Mancusi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 128849 (January 18, 1994, Karazin, J.) (9 C.S.C.R. 117, 118) (denying motion to strike special defense because parents were already parties to action, and trier would consider their negligence when determining negligence percentages pursuant to General Statutes §52-572h); Benway v. Ruggerio, Superior Court, judicial district of New Haven at New Haven, Docket No. 321331 (December 15, 1992, Maiocco, J.) (denying motion to strike special defense and reasoning that parent's independent right of action to recover consequential damages may be barred if the parents were contributorily negligent).
Other courts held that it is of no consequence whether the parent or child brings the suit for economic damages; in either situation, allowing an assertion of the parent's contributory negligence would defeat the purpose of parental immunity. See Dennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998, Skolnick, J.) (22 Conn.L.Rptr. 201, 203) ("allowing a cause of action for negligent supervision would enable others, ignorant of a case's peculiar familiar distinctions and bereft of any standards, to second-guess a parent's management of family affairs"); Feer v. Santini, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 531207 (June 13, 1997, Sullivan, J.) (19 Conn.L.Rptr. 612, 613-14) (since medical services are in fact rendered to child, not important that parent brought claim for medical services rather than child; and as parent's comparative negligence not applicable to claim for medical bills, special defense of parent's comparative negligence stricken); Tobin v. Connecticut Housing Authority, Superior Court, judicial district of New Haven at New Haven, Docket No. 333231 (June 17, 1997), Lager, J.) (finding that parental immunity bars claims alleging parental contributory negligence whether raised as special defense or counterclaim); Seabrook v. Greater Bridgeport T., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328366 (April 9, 1998, Skolnick, J.) (21 Conn.L.Rptr. 657, 658-59) (striking cross claim seeking apportionment and indemnification on parental contributory negligence theory as would defeat the purpose of parental immunity doctrine); Hribko v. Drubner, Superior Court, judicial district of New Haven at New Haven Docket No. 352204 (March 11, 1996, Corradino, J.) (striking defendant's indemnification claim predicated on plaintiff parent's contributory negligence as barred by parental immunity doctrine). CT Page 2578-el
Accordingly, whether the claim of parental negligence is raised by apportionment, contribution, indemnification or, as here, special defense the effect is the same — it diminishes the child's recovery. Current law does not permit such diminution.
However, as noted herein, the plaintiff Carney is not alleged to have been a minor child at the time of the incident, the doctrine of parental immunity is not available to the plaintiff mother, Sandra L. Wood. The plaintiffs' motion to strike the defendant Gaffney's First Special Defense to Count Six regarding negligence and carelessness by the plaintiff Wood is hereby denied.
 II
The plaintiffs also move to strike the defendant Gaffney's Second Special Defense to Count Six, wherein the defendant has alleged that the plaintiff "has failed to state a claim for which relief should be granted." The plaintiffs argue that the defendant has not set forth any facts that are "consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action."Grant v. Bassman, 221 Conn. 465, 472-73 (1992). The court agrees.
In reviewing the defendants' Second Special Defense to Count Six the court notes that there is a split of authority in the Superior Court as to whether a special defense is valid when it alleges that the plaintiff's complaint fails to state a cause of action. The first line of cases hold that a motion to strike a special defense alleging that the plaintiff's complaint fails to state a cause of action should be denied as this special defense is legally sufficient. The prevailing case is ScanAssociates Inc. v. Civitello Building Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 350643 (January 24, 1994, Hodgson, J.) (10 Conn.L.Rptr. 646). In Scan, the court held that it was not the defendant's burden to correct deficiencies in the plaintiff's pleadings by a motion to strike, or otherwise, and therefore, the only way the defendant could put the plaintiff on notice that a claim was insufficient was by means of a special defense. Scan Associates Inc. v.Civitello Building Co., supra, Docket No. 350643. See also Kadlick v.Barrett, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 176156 (March 19, 2001, Karazin, J.) (court denied motion to strike special defense alleging no cause of action relying on reasoning in Scan Associates, Inc. v. Civitello Building Co.; Stack v.Harley Davidson of Danbury, Superior Court, judicial district of Danbury at Danbury, Docket No. 323389 (October 2, 1996, Moraghan, J.) (17 Conn.L.Rptr. 634) (same); Torres v. Melody, Superior Court, judicial district of New London at Norwich, Docket No. 098765 (December 7, 1995, CT Page 2578-em Levine, J.) (6 Conn.L.Rptr. 30) (same); Janowicz v. Clark Construction ofRidgefield, Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 138678 (March 15, 1995, Lewis, J.) (court denied motion to strike special defense holding that "alleging legal insufficiency is consistent with the facts alleged by the plaintiff, but it demonstrate[s], nonetheless that the plaintiff has no cause of action").
The second line of cases hold that a motion to strike a special defense asserting this claim should be granted as the special defense does not allege any facts and is therefore, conclusory and improper. See Ayala v.L.B.I. Acquisition Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 417420 (October 1, 1999, Devlin, J.) (court granted motion to strike holding that defense alleging no cause of action does not comply with fact-based pleading requirements as fails to allege facts); Smith v. Walsh, Superior Court, judicial district of New Haven at New Haven, Docket No. 406487 (December 24, 1998, Zoarski, J.T.R.) (23 Conn.L.Rptr. 557) (court granted motion to strike special defense alleging no cause of action because failed to allege facts); Stricklandv. Bates, Superior Court, judicial district of Tolland at Rockville, Docket No. 064466 (May 11, 1998, Klaczak, J.) (court granted motion to strike holding that special defense alleging no cause of action must inform plaintiff with reasonable clarity of nature of defense asserted);Dennis v. Makhraz, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 342399 (May 1, 1998, Skolnick, J.) (22 Conn.L.Rptr. 201) (court granted motion to strike holding that "a special defense is not the appropriate vehicle in which the defendant may raise an argument that the plaintiff has no cause of action. "); Pozoukidis v.City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 346988 (February 13, 1998, Mottolese, J.) (21 Conn.L.Rptr. 382) (court granted motion to strike holding that special defense alleging no cause of action must inform plaintiff with reasonable clarity of nature of defense asserted); Ratner v. Laviano, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV00 0177011 (April 16, 2001) (D'Andrea, J.), 2001 Ct. Sup. 5174.
This court is persuaded by the reasoning in the second line of cases and therefore, finds that the defendants' second special defense is legally insufficient. Accordingly, the plaintiffs' motion to strike the Second Special Defense to Count Six is granted.
In summary, the court hereby orders that the plaintiffs' motion to strike the defendant Gaffney's First Special Defense to Count Six of the Complaint be denied, and that the plaintiffs' motion to strike the Second Special Defense to Count Six of the Complaint be granted. CT Page 2578-en
The Court
By: Arnold, J.